**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andrew Fitzgerald,

Plaintiff,

v.

Jeff Anderson & Associates, PA,

Defendant.

Case No. 26-cv-1486 (JMB/DJF)

**SEALING ORDER**

---

This matter is before the Court on the parties' *Joint Motion Regarding Continued Sealing* (ECF No. 29) filed in connection with documents related to Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 17) ("Motion to Dismiss"). The presiding District Judge, the Honorable Jeffrey M. Bryan, granted Defendant's Motion to Dismiss without prejudice (ECF No. 27) and entered Judgment accordingly (ECF No. 28). The parties argue the exhibits filed at ECF Nos. 20-1, 20-2, and 20-3 ("Sealed Exhibits") should remain sealed because they contain privileged and confidential information regarding the terms of the parties' prior attorney-client relationship, contain confidential information concerning the at-issue data breach, and/or contain confidential information concerning the at-issue data breach and Plaintiff's ability to enroll in free credit monitoring in connection therewith. (ECF No. 29 at 2-3.)

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the

common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

The Court agrees that continued sealing of the exhibit filed at ECF No. 20-1 is appropriate. This exhibit is an engagement agreement and shall remain under seal because it contains proprietary business information. ECF Nos. 20-2 and 20-3 are data breach notifications. They do not appear to contain confidential or proprietary information, and the parties have not established a compelling reason to keep them sealed that outweighs the public's right of access.

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' *Joint Motion Regarding Continued Sealing* (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART,** as follows:

1. The Clerk of Court is directed to keep the document filed at ECF No. 20-1 under seal.
2. The Clerk of Court is directed to unseal the documents filed at ECF Nos. 20-2 and 20-3 if no motion for further consideration of sealing them is filed pursuant to Local Rule 5.6(f) by **September 15, 2026**.

Dated: August 25, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge